**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**MARK S. BUCKNER, SR.**                                                                             **PLAINTIFF**

**V.**                                                                **NO. 3:23-CV-417-DMB-RP**

**WEST TALLAHATCHIE SCHOOL
DISTRICT, et al.**                                                        **DEFENDANTS**

**ORDER**

On October 27, 2023, Mark S. Buckner, Sr., filed a pro se complaint in the United States District Court for the Northern District of Mississippi against the West Tallahatchie School District and certain of its employees and school board members,[1] alleging claims under the Americans with Disabilities Act ("ADA") and Title VII. Doc. #1. On February 29, 2024, the School District and the individual defendants who had then been served[2] filed a motion to dismiss Buckner's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) ("February Motion"). Doc. #14. On August 12, 2024, the Court granted in part and denied in part the February Motion, dismissing all Buckner's claims against those individual defendants and all Buckner's claims against the School District except for his ADA failure to accommodate claim as to his cafeteria accommodation request. Doc. #49 at 22.

On July 31, 2024, approximately two weeks before the Court's August 12 ruling, the individual defendants who were served Buckner's complaint on July 9, 2024 ("Board

---

[1] "Mrs Ellinton - Superintendent," "Mr. Harges - Principal," "Ms. Berdin - Former Principal;" "Mr. Brownlow - Principal," "Assistant Principal - Ms. Spicer," "Madalyn Johnson - Business Manager," "Marvin George - President of Board," "Mrs. Edith Gipson - Board Member," "Mrs. Sharon Bailey - Board Member," "Mrs. Lucinda Berryhill - Board member," and "Mrs. Cora Hooper - Board Secretary." Doc. #1 at 1.

[2] Ellington, Harges, Johnson, and Spicer. Doc. #13.

Defendants"),³ filed a motion to dismiss Buckner's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) ("July Motion"). Doc. #45. Buckner did not respond to the July Motion. However, on August 19, 2024, he filed "Plaintiff Mark S. Buckner Sr's Affidavit in Support of Amended Civil Complaint." Doc. #52.

Despite Buckner's August 19 filing being titled an affidavit, it is in substance an amended complaint against all the defendants named in the original complaint, with a section at the end titled, "Plaintiff Sworn Statement," which says, "Plaintiff Affirms that all the facts/allegations are true and correct pursuant to the penalty of perjury. I, Mark S. Buckner Sr, the living soul certify that on this day of Aug 2024." *Id*. at PageID 340 (formatting omitted). To the extent Buckner's August 19 filing is an amended complaint, Buckner was required to obtain leave of the Court or the opposing parties' written consent before filing it, particularly as to the individual defendants for whom the Court dismissed with prejudice all Buckner's claims on August 12.⁴ *See* Fed. R.

---

³ Hooper, Bailey, Gipson, George, and Berryhill. Doc. #40. Summonses were returned unexecuted as to Berdin and Brownlow on July 11, 2024. Doc. #39. On August 19, 2024, United States Magistrate Judge Roy Percy issued a report recommending Buckner's claims against Berdin and Brownlow be dismissed without prejudice because they have not yet been served due to Buckner's failure to locate and provide sufficient addresses for them. Doc. #51. If Buckner's August 19 filing was in any way intended to be a back door attempt to extend the period of time to serve Berdin and Brownlow, such will not be permitted.

⁴ In *Estate of Gaines v. FedEx Ground Package System, Inc.*, a district judge in the the Southern District of Mississippi granted a motion to strike an amended complaint against multiple defendants where it was filed "more than 21 days after the first answer was filed." No. 3:21-cv-617, 2022 WL 894108, at *1 (S.D. Miss. Mar. 25, 2022). It explained:

> Courts differ on when the clock starts for amending as a matter of right in cases where there are multiple defendants who have filed responsive pleadings or Rule 12(b), (e), or (f) motions. The advisory committee's note to the 2009 amendment to Rule 15(a) recites that "[t]he 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative. If a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period."
>
> Some courts in consideration of such note, have held that an amended complaint filed as a matter of right is effective only as to those defendants who have not filed a responsive pleading or defensive motion more than 21 days prior to the day the plaintiff filed the amended complaint …. "[O]ther courts have held that an amended complaint filed as a matter of right is ineffective as to all defendants if it is filed more than 21 days after the *first* responsive pleading or defensive motion is filed."

2

Civ. P. 15(a)(1) (allowing party to amend its pleading once no later than "21 days after serving it, or … if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier"); Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."). Because Buckner did not request, much less receive, leave of the Court or the opposing parties' written consent before filing the August 19 document, Buckner's August 19 filing [52] is **STRICKEN**.

**SO ORDERED**, this 26th day of August, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

The *Bowling* [*v. Dahlheimer*, No. 4:18-cv-610, 2019 WL 5880590, at *2 (E.D. Tex. Aug. 7, 2019)] court adopted the latter approach, concluding that "the ability to amend as of right concludes 21 days after the first defendant files a responsive pleading or a motion under Rule 12(b), (e), or (f)."

This Court agrees because the *Bowling* construction tracks "the unqualified language of the advisory committee notes" as well as Rule 15's text. As noted, Rule 15(a)(1)(B) starts the clock when a party files "*a* responsive pleading" or "*a* motion." Moreover, under Plaintiffs' construction, the case would proceed under two operative pleadings: the first amended complaint would apply to only UPS Professional Services, Inc., and the original complaint would remain operative for all other Defendants. That would unnecessarily complicate the docket and run counter to the Federal Rules' purpose of "secur[ing] the just, speedy, and inexpensive determination of every action and proceeding."

*Id.* at *1–2 (citations omitted).

This Court agrees with the district judge's rationale rationale in *Gaines*, especially here since the claims Buckner asserts against the Board Defendants are the same as those the Court dismissed with prejudice against the individual defendants on August 12. Even if Buckner argued that his amended complaint against the Board Defendants should stand under Rule 15(a)(1)(B), it would be dismissed as futile for the same reasons the Court dismissed with prejudice Buckner's ADA and Title VII claims against the individual defendants covered by the August 12 order. Besides, the case management order set an April 12, 2024, deadline for motions to amend pleadings. Doc. #16 at PageID 117.