IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MARK S. BUCKNER, SR.**                                           **PLAINTIFF**

**V.**                 **NO. 3:23-CV-417-DMB-RP**

**WEST TALLAHATCHIE SCHOOL
DISTRICT, et al.**            **DEFENDANTS**

## ORDER

Mark S. Buckner, Sr., claims that the West Tallahatchie School District and certain of its employees and school board members failed to accommodate his disability, discriminated against him based on race, and retaliated against him for reporting such, in violation of the Americans with Disabilities Act and Title VII. The Court dismissed with prejudice all Buckner's Title VII claims and ADA claims against the School District and four of the individual defendants on their motion, except for one failure to accommodate claim against the School District. The Court later dismissed the two unserved individual defendants. The five remaining later-served individual defendants move to dismiss Buckner's claims against them for failure to state a claim. Because these defendants argue the same grounds for dismissal as those raised by the other individual defendants, the motion to dismiss will be granted for the same reasons.

## I
## Procedural History

On October 27, 2023, Mark S. Buckner, Sr., filed a pro se complaint in the United States District Court for the Northern District of Mississippi against the West Tallahatchie School District, "Mrs Ellinton - Superintendent,"[1] "Mr. Harges - Principal," "Ms. Berdin - Former

---

[1] Though named "Mrs Ellinton" in the caption of the complaint, Buckner references this defendant's last name as "Ellington" in the body of the complaint. *See*, *e.g.*, Doc. #1 at 12, 14.

Principal;" "Mr. Brownlow - Principal," "Assistant Principal - Ms. Spicer," "Madalyn Johnson - Business Manager," "Marvin George - President of Board," "Mrs. Edith Gipson - Board Member," "Mrs. Sharon Bailey - Board Member," "Mrs. Lucinda Berryhill - Board member," and "Mrs. Cora Hooper - Board Secretary." Doc. #1. In his complaint, Buckner alleges the defendants violated the Americans with Disabilities Act ("ADA") and Title VII by not accommodating his vision impairment disability, discriminating against him based on his race, and retaliating against him "because [he] ha[s] filed previous charges of discrimination and ha[s] a pending lawsuit against this organization." *Id*. at 2, 4.

On February 29, 2024, the School District, Ellington, Harges, Johnson, and Spicer ("School Defendants")—noting that they were the only defendants who then had been served—moved to dismiss Buckner's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. #14. Full briefing on this February 29 motion was completed on March 28, 2024. Docs. #22, #24.

On July 11, 2024, a summons was returned executed as to previously-unserved Hooper, Bailey, Gipson, George, and Berryhill, Doc #40; and a summons was returned as unexecuted as to Berdin and Brownlow, Doc. #39.

Twenty days later, on July 31, 2024, Hooper, Bailey, Gipson, George, and Berryhill ("Board Defendants") filed a motion to dismiss Buckner's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. #45. The sole exhibit attached to the motion to dismiss consists entirely of the motion to dismiss and memorandum brief filed by the School Defendants. Doc. #45-1. In the separate memorandum brief the Board Defendants filed in support of their July 31 motion to dismiss, they simply "adopt and incorporate the Motion to Dismiss of the Previously-Served Defendants in its entirety." Doc. #46 at 2. Buckner did not respond to the July 31 motion to dismiss.

2

On August 12, 2024, the Court granted the School Defendants' February 29 motion to dismiss regarding Buckner's ADA claims and his Title VII claims but denied it as to the ADA failure to accommodate claim against the School District concerning Buckner's cafeteria accommodation request. Doc. #49 at 22. On November 21, 2024, the Court adopted the August 19 report and recommendation issued by United States Magistrate Judge Roy Percy and dismissed Berdin and Brownlow without prejudice.[2] Docs. #51, #59.

## II
## Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021) (internal citation omitted). In evaluating a motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Serrano v. Customs & Border Patrol*, 975 F.3d 488, 496 (5th Cir. 2020) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). The Court "accept[s] all well-pleaded facts as true and construe[s] the complaint in the light most favorable to the plaintiff." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). But the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (citations omitted).

---

[2] On January 8, 2025, Buckner filed "Plaintiff Mark S. Buckner Sr.'s Request to the Court to Re-Instate a New Updated Scheduling Order." Doc. #62. That motion will be addressed by separate order.

## III
## **Relevant Factual Allegations**

Most of the relevant factual allegations are articulated in the Court's August 12 "Opinion and Order" and are incorporated here.[3] Doc. #49 at 5–8. The factual allegations below are also accepted as true.

On February 27, 2020, Buckner e-mailed Marvin George, Cora Hooper, Lucinda Berryhill, and others, copying Edith Gipson, Sharon Bailey, and others,[4] about a February 26, 2020, altercation between students in his class where he felt his "safety endangered" and "the student's safety were … compromised by … [Herman] Brownlow," the school principal, when "Brownlow brought a very disgruntle parent of one of the students involved in the previous incident to [his] classroom door."[5] Doc. #1-1 at PageID 23.

On September 15, 2020, Buckner e-mailed Brownlow, copying Berryhill, George, Hooper, Bailey, and others, complaining that he has "consistently made [Brownlow] aware of the issues [he] was having with [his] computer and [he] informed [Brownlow] that [he was] working with Vocational Rehab to address the camera problem;" he received correspondence from Brownlow "to use a device that does not accommodate [him];" and he "only check[s] out the computer for onsite usage because … [Kabresha] Spicer," the assistant principal of the school,[6] "was there to assist [him]." *Id.* at PageID 26–27.

---

[3] As mentioned in the prior order, "[t]he allegations of Buckner's complaint often are disjointed, repetitive, disorganized in thought or subject, and illogical, and contain spelling, punctuation, or grammatical errors. Some but not all spelling, punctuation, and grammatical errors are noted or corrected." Doc. #49 at 5 n.10.

[4] In the document submitted, Bailey and Gipson are included in the "Cc:" list at its bottom but it is unclear whether that part of the document is part of the e-mail or part of another document copied with the e-mail. Doc. #1-1 at PageID 23.

[5] As also pointed out in the August 12 order, Buckner's complaint incorporates by reference many e-mails and other documents attached to his complaint, all of which are properly considered. Doc. #49 at 5 n.11.

[6] Spicer's e-mail signature indicates her first name and her position at the school. *See* Doc. #1-1 at PageID 37.

4

On November 7, 2021, Buckner e-mailed Spicer, copying George, Bailey, Hooper, Gipson, and others,[7] complaining that Spicer "constantly interfered with the day to day management of [his] classroom by making off-the-cuff athurtative [sic] demands," including "giv[ing] pertinent information to [his] teacher assistant" then "blast[ing] [him] for not properly managing her." *Id.* at PageID 31.

By e-mail dated May 3, 2022, Buckner sent Ellington a copy of the "laws, policies, and procedures from the State of Mississippi (Board of Education and the West Tallahatchie Board of Trustee)," copying George, Hooper, Bailey, and Berryhill, along with one other. *Id.* at PageID 48.

## IV
## Analysis

By adopting and incorporating the School Defendants' motion and arguments, the Board Defendants make the same arguments for dismissal—that (1) Buckner's ADA claims should be dismissed because this Court determined in an earlier case that he is not a qualified individual under the ADA, he did not exhaust his claims with respect to suspension and failure to accommodate, and none of the allegations in Buckner's complaint constitute an adverse employment action; (2) Buckner's Title VII claims should be dismissed because he failed to allege any Title VII claims in his EEOC charge; and (3) any ADA or Title VII claims against the individual defendants fail as a matter of law.

### A. ADA Claims

As this Court explained in its August 12 order, because the Court's finding in *Buckner v. West Tallahatchie School District*, No. 3:19-cv-264, 2022 WL 1815987, at *7 (N.D. Miss. June 2,

---

[7] It is not clear whether Berryhill was copied because some of the e-mail addresses on the document submitted are obscured. Doc. #1-1 at PageID 31.

5

2022) ("*Buckner I*") "that Buckner was not a qualified individual under the ADA relied on assessing the reasonableness of Buckner's proposed teacher's aide accommodation, and because in this case Buckner alleges he requested a different accommodation, the issues in *Buckner I* and the present case are not identical." Doc. #49 at 11. "So the Court will not dismiss Buckner's ADA claims based on issue preclusion." *Id.*

And for the precise reasons articulated in the Court's August 12 order, "Buckner exhausted his ADA claims with respect to failure to accommodate a request for cafeteria duty exemption" but did not adequately exhaust his ADA claims with respect to suspension or failure to accommodate his request for certain technology in his classroom. *Id.* at 12–17. But because like the School Defendants, the Board Defendants "do not satisfy the statutory definition of employer under … the ADA," and even if they did, Buckner did not sufficiently allege an adverse employment action for his ADA retaliation claim, all Buckner's ADA claims against the Board Defendants will be dismissed.[8] *See id.* at 17–18, 21.

### B. Title VII Claims

Since the Board Defendants make the same arguments with respect to Buckner's Title VII claims as those advanced by the School Defendants, the Title VII claims against the Board Defendants will be dismissed for the same reasons—specifically, "Buckner failed to exhaust his Title VII race discrimination claims" and regardless, the Board Defendants "do not satisfy the statutory definition of employer under either Title VII."[9] *Id.* at 19–20, 21.

---

[8] The Court further incorporates from its August 12 order all other bases not specifically mentioned here explaining why the claims against the individual defendants will be dismissed.

[9] Again, because the Court found Buckner failed to exhaust his Title VII race discrimination claims, it declines to address the Board Defendants' alternative argument that Buckner failed to allege an adverse employment action under Title VII. *See* Doc. #49 at 20 n.19.

## V
## Conclusion

The Board Defendants' motion to dismiss [45] is **GRANTED**. All Buckner's claims against Hooper, Bailey, Gipson, George, and Berryhill are dismissed with prejudice.[10]

**SO ORDERED**, this 28th day of January, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[10] The motion to dismiss does not specify whether dismissal is sought with prejudice. *See* Doc. #45. However, since Title VII and the ADA do not allow for claims to be brought against non-employers, in the interest of efficiency, the Court will dismiss with prejudice the claims against the Board Defendants, because the defects in Buckner's complaint against them are incurable. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) ("Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable.").