**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**MARK S. BUCKNER, SR.**                                                          **PLAINTIFF**

**V.**                                                             **NO. 3:23-CV-417-DMB-RP**

**WEST TALLAHATCHIE SCHOOL**
**DISTRICT**                                                           **DEFENDANT**

**ORDER**

On December 16, 2025, West Tallahatchie School District filed a motion "request[ing] that Exhibit 1 [to its motion for summary judgment] be restricted and that the Court permit the filing of a redacted substitute exhibit."[1] Doc. #89 at PageID 563. As cause, the School District submits that "Exhibit 1 … inadvertently contains a personal identifier subject to redaction." *Id*.

There is a "'presumption in favor of the public's access to judicial records'" and the decision whether to order judicial records sealed (or to restrict access to them) is committed to the sound discretion of the court, which must balance "'the public's common law right of access against the interests favoring nondisclosure.'" *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (quoting *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993), and *United States v. Sealed Search Warrants*, 868 F.3d 385, 393 (5th Cir. 2017)). Consistent with the presumption favoring the public's access to judicial records, Local Rule 79 provides that no document may be filed under seal without a court order. L.U. Civ. R. 79(d). More, Local Rule 79(e)(3) requires a motion to seal to be accompanied by "a notice that identifies the motion as a sealing motion," along with "a proposed order" and "a non-confidential supporting

---

[1] The School District states that "[t]he redacted substitute exhibit is being filed contemporaneously herewith." Doc. #89 at PageID 563.

memorandum"[2] that both must include:

    (A)    A non-confidential description of what is to be sealed;

    (B)    A specific request that the document or case:

        (1)    Be sealed from any access by the public and the litigants' counsel;

        (2)    Be sealed from public access only, with CM/ECF access permitted to the litigants' counsel; or

        (3)    Be sealed only from public access in CM/ECF, but available for public viewing at one or more terminals located within the Clerk's office.

    (C)    A statement of why sealing is necessary, why the specific character of sealing set forth in subparts (1)–(3) above is most appropriate, and why another procedure will not suffice;

    (D)    References to governing case law; and

    (E)    Unless permanent sealing is sought, a statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

L.U. Civ. R. 79(e)(3)(A)-(E).

Because the School District fails to comply with all Local Rule 79's procedural requirements except that it specifies it seeks to restrict access to the exhibit from the public and it submitted a proposed order,[3] its motion to restrict can be properly denied. However, because (1) Exhibit 1 to the School District's summary judgment motion contains Mark S. Buckner, Sr.'s full social security number; (2) the Court concludes that the interests favoring the nondisclosure of Buckner's full social security number clearly outweigh the public's right to access it, *see Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *2 (5th Cir. Mar. 7, 2024) ("At

---

[2] "A party may also submit a confidential memorandum for in camera review." L.U. Civ. R. 79(e)(3).

[3] The proposed order's contents do not comply with Local Rule 79. And the School District did not file or submit a non-confidential supporting memorandum or a confidential memorandum, and did not otherwise cite case law supporting why the exhibit should not be accessible to the public.

minimum, all filings should be redacted for consistency with Federal Rule of Civil Procedure 5.2(a), which generally requires parties to partially redact information such as Social Security numbers, financial account numbers, birth dates, and names of minor children."); and (3) the School District filed another version of Exhibit 1 with Buckner's social security number redacted,[4] the Court excuses the School District's noncompliance with Local Rule 79 in this instance only. So, the motion to restrict [89] is **GRANTED**. The Clerk of the Court is directed to restrict access to [84-1] to the parties, counsel of record, and the Court.

      **SO ORDERED**, this 17th day of December, 2025.

                                                            /s/Debra M. Brown  
                                                            **UNITED STATES DISTRICT JUDGE**

---

[4] Doc. #90.